# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREEN & HEALTHY HOMES INITIATIVE, Inc., *et al.*, | * * * | |
| PLAINTIFFS, | * * | |
| v. | * * | No. 1:25-cv-01096-ABA |
| ENVIRONMENTAL PROTECTION, AGENCY, *et al.*, | * * * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*

## NOTICE OF SUPPLEMENTAL AUTHORITY

On June 5, 2025, the Fourth Circuit granted the government's motion to stay the injunctions granted in *Sustainability Institute v. Trump*. No. 25-1575 (4th Cir. June 5, 2025) (attached as ECF \_\_\_). As this Court recalls, Plaintiffs in the instant case relied heavily on *Sustainability Institute* in their motion for summary judgment and at oral argument. In the Fourth Circuit's order granting a stay, the court agreed that "the Government is likely to succeed in showing that the district court lacked subject matter jurisdiction over Plaintiffs' claims." *Id.* at 3 (internal quotations omitted). The Fourth Circuit determined that the Tucker Act likely deprived the district court of jurisdiction and distinguished *Bowen v. Massachusetts*. *Id.* at 3–4 (citing *Bowen v. Massachusetts*, 487 U.S. 879 (1988)).

        Respectfully submitted,

        Kelly O. Hayes
        United States Attorney

By:      /s/
        Molissa H. Farber (802255)
        Assistant United States Attorney
        36 S. Charles St., 4th Floor
        Baltimore, Maryland 21201
        410-209-4862
        Molissa.Farber@usdoj.gov

*Counsel for Defendants*

FILED: June 5, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

No. 25-1575
(2:25-cv-02152-RMG)

———

THE SUSTAINABILITY INSTITUTE; AGRARIAN TRUST; ALLIANCE FOR AGRICULTURE; ALLIANCE FOR THE SHENANDOAH VALLEY; BRONX RIVER ALLIANCE; CLEANAIRE NC; CONSERVATION INNOVATION FUND; LEADERSHIP COUNSEL FOR JUSTICE AND ACCOUNTABILITY; MARBLESEED; PENNSYLVANIA ASSOCIATION FOR SUSTAINABLE AGRICULTURE; RURAL ADVANCEMENT FOUNDATION INTERNATIONAL-USA; ORGANIC ASSOCIATION OF KENTUCKY; EARTH ISLAND INSTITUTE,

and

BALTIMORE, MARYLAND; COLUMBUS, OHIO; MADISON, WISCONSIN; NASHVILLE, TENNESSEE; NEW HAVEN, CONNECTICUT; SAN DIEGO, CALIFORNIA,

Plaintiffs – Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; KEVIN HASSETT, in his official capacity as Assistant to the President for Economic Policy and Director of the National Economic Council; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of the United States Office of Management and Budget; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his official capacity as Administrator of the United States Environmental Protection Agency; UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture; UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in his official capacity as the Secretary of the United States Department of Transportation; UNITED STATES DEPARTMENT OF GOVERNMENTAL EFFICIENCY SERVICE; AMY GLEASON, in her official capacity as Acting Administrator of the United States DOGE Service; ELON MUSK, in his official

capacity as Senior Advisor of the United States DOGE Service; UNITED STATES DEPARTMENT OF ENERGY; CHRIS WRIGHT, in his official capacity as the Secretary of the United States Department of Energy,

    Defendants – Appellants.

## ORDER

  Pending before the Court is the Government's Emergency Motion for Stay Pending Appeal and Immediate Administrative Stay. Plaintiffs are several nonprofit organizations and municipalities who allege they were awarded, or are subrecipients on, 38 federal grants administered by the Department of Energy, the Environmental Protection Agency, the Department of Agriculture, and the Department of Transportation. Plaintiffs sued the President of the United States and various federal agencies and officials (collectively, the Government) in the United States District Court for the District of South Carolina, alleging that their grants were terminated or suspended in violation of the Administrative Procedure Act (APA), certain appropriations statutes, and the Constitution. Plaintiffs sought preliminary and permanent injunctive relief. The Government argued the district court lacked jurisdiction to order such relief.

  The district court held that it possessed jurisdiction over Plaintiffs' claims and entered injunctive relief as to 32 of the grants—a permanent injunction on the APA claims and a preliminary injunction on the separation of powers and Presentment Clause ultra vires claims. The injunctions order the Government "to restore Plaintiffs['] access to grant funds immediately" and prohibit the Government from "freezing, terminating or otherwise

interfering with the funding of [those] Grants . . . without written authorization from the Court." *Sustainability Inst. v. Trump*, No. 2:25-cv-2152-RMG, 2025 WL 1486979, at *4, *10 (D.S.C. May 20, 2025).

The Government now asks us to stay the district court's injunctions pending appeal, raising purely jurisdictional concerns. Among other things, the Government contends that the Tucker Act, 28 U.S.C. § 1491, requires Plaintiffs to pursue their claims in the Court of Federal Claims and thereby precludes district court jurisdiction.

We agree the Government is "likely to succeed" in showing that the district court lacked subject matter jurisdiction over Plaintiffs' claims. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotation marks omitted). This case is much like *Department of Education v. California*, 145 S. Ct. 966 (2025). The plaintiffs there challenged, under the APA, the cancellation of grants that were funded generally by an authorizing statute but awarded specifically to each grantee by an operative grant agreement. *See California v. Dep't of Educ.*, 132 F.4th 92, 95 (1st Cir. 2025) (citing 20 U.S.C. §§ 1022a, 6671, 6672(a), which authorize the Secretary of Education to award grants). They obtained an injunction which set aside the grant cancellations and prohibited the Government from "suspen[ding] or withholding . . . any funds approved and obligated for the grants." *California v. Dep't of Educ.*, No. 25-10548-MJJ, 2025 WL 760825, at *5 (D. Mass. Mar. 10, 2025). The Supreme Court stayed the district court's injunction because the Government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." *California*, 145 S. Ct. at 968. As the Supreme Court explained, "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual

3

obligation to pay money' along the lines of what the District Court ordered." *Id.* (quoting *Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 212 (2002)). "Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* (quoting 28 U.S.C. § 1491(a)(1)).

The Plaintiffs here assert similar claims. They allege the Government violated the APA by suspending and canceling certain grants funded and authorized by omnibus appropriations statutes like the Inflation Reduction Act of 2022, Pub. L. 117-169, and the Infrastructure Investment and Jobs Act, Pub. L. 117-58. Like the plaintiffs in *California*, Plaintiffs here contend that their "dispute does not hinge on the terms of a contract between the parties." *California*, 2025 WL 760825, at *1; *see also California*, 132 F.4th at 97. Yet like the grants in *California*, the grants here were awarded by federal executive agencies to specific grantees from a generalized fund. While the appropriation statutes authorize the agencies to award grants, it is the operative grant agreements which entitle any particular Plaintiff to receive federal funds.

The district court relied on *Bowen v. Massachusetts*, 487 U.S. 879 (1988), in exercising jurisdiction over Plaintiffs' claims. *See Sustainability Inst. v. Trump*, No. 2:25-cv-2152-RMG, 2025 WL 1486978, at *3–5 (D.S.C. Apr. 29, 2025). But the Supreme Court distinguished *Bowen* in *California*, highlighting the meaningful difference between the relief in that case and an order "to enforce a contractual obligation to pay money" along the lines of what the district court entered here. *California*, 145 S. Ct. at 968 (internal quotation marks omitted). And it appears unlikely that Plaintiffs' ultra vires claims, which allege the Government violated the Constitution when it terminated or suspended

4

Plaintiffs' grants, would provide a detour around the Tucker Act. *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327–328 (2015) ("The power of federal courts of equity to enjoin unlawful executive action is subject to . . . implied statutory limitations," and "the 'express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'" (quoting *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)); *see also Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43–44 (1991); *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *5 (D.C. Cir. May 3, 2025) (staying injunction in a similar case raising APA claims and "mandamus, impoundment, Presentment Clause, Appropriations Clause, Spending Clause, Take Care Clause, Separation-of-Powers, and *ultra vires* claims").

As for the remaining stay factors, the Government has demonstrated irreparable harm because it is being forced to disburse funds from a finite appropriation and will not be able to recoup those funds once expended. *See California*, 145 S. Ct. at 969. While we do not doubt that a stay would work a hardship on Plaintiffs, the existence of burdens on each side points back to the preeminence of the likelihood-of-success inquiry, which in this case favors the Government. *See Nken*, 556 U.S. at 434 ("The first two factors of the traditional [stay] standard are the most critical.").

We therefore grant the Government's motion for a stay of the permanent injunction and the preliminary injunction pending this appeal. We deny the Government's motion for an administrative stay as moot. The Clerk will set an expedited briefing schedule.

Entered at the direction of Judge Rushing, with the concurrence of Judge Niemeyer. Judge Heytens filed a separate dissenting opinion.

TOBY HEYTENS, Circuit Judge, dissenting:

I would deny the motion for a stay pending appeal because I think the defendants have failed to carry their "burden of showing that the circumstances justify" one. *Nken v. Holder*, 556 U.S. 418, 434 (2009). At this stage, the defendants do not challenge the district court's conclusion that they acted unlawfully, choosing instead to go all-in on the argument that the court lacked jurisdiction. I think the jurisdictional questions here are novel and difficult, and that they could end up being resolved in favor of either party after full briefing and argument. At this point, however, I do not believe the defendants have made a sufficiently "strong showing" that they are "likely to succeed on the merits" to warrant the extraordinary equitable relief of a stay pending appeal. *Id.*

Nor do I think this case is on all fours with *Department of Education v. California*, 145 S. Ct. 966 (2025). True, there are obvious similarities between the two cases and much of what the Supreme Court said there seems applicable here. But there are differences too. In *California*, "the terms and conditions of each individual grant award" were "at issue." *California v. U.S. Dep't of Educ.*, 132 F.4th 92, 96–97 (1st Cir. 2025). Here, in contrast, the plaintiffs argue that the defendants "*have not* undertaken an individualized review of the specific grants" but "categorically terminate[d] all 'equity-related' grants and contracts" without individualized regard to the terms of any grant or the performance of any grantee. Resp. Br. 8 (emphasis added) (first quote); Compl. ¶ 196 (second quote). In *California*, the plaintiffs' claims all "derived from the Administrative Procedure Act," 132 F.4th at 97, and the Supreme Court's order never mentions any other claims. Here, in contrast, the plaintiffs assert non-APA claims, and the district court made a preliminary

6

determination that those claims have merit. The defendants insist that the plaintiffs' non-APA claims improperly seek to circumvent "congressionally imposed limitations on [judicial] review" and thus fail for that reason. Reply Br. 9. But, once again, I do not think that the defendants have shown that the answer is sufficiently clear to warrant the disfavored remedy of a stay pending appeal.