# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHILD TRENDS, INCORPORATED, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, ET AL., <br><br> Defendants. | Case No.: 8:25-cv-01154-BAH |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On June 5, 2025, the Fourth Circuit issued a memorandum opinion staying permanent and preliminary injunctions in a case based on the Administrative Procedures Act ("APA"), separation of powers and Presentment Clause ultra vires claims. Mem. Op., *The Sustainability Institute v. Trump.*, No. 25-cv-2152-RMG (D. SC May 20, 2025) (attached as ECF 38-1). The injunctions ordered the Government to restore Plaintiffs' access to grant funds immediately and prohibited the Government from freezing, terminating or otherwise interfering with the funding of those Grants . . ." *Id.* In the opinion, the court noted that the government was "likely to succeed" in showing that the district court lacked subject matter jurisdiction over Plaintiffs' claims.

Critically important to the "termination claims" in this case, the Court made clear that "it appears unlikely that Plaintiffs' ultra vires claims, which allege the Government violated the Constitution when it terminated or suspended Plaintiffs' grants, would provide a detour around the Tucker Act." *Id.* The court explained that "the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others". *Id.* (citations omitted). Here, again, we have another example of the Fourth Circuit rejecting an invitation to exercise jurisdiction

over claims that are subject to "implied statutory limitations." *Id.* at 5 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)).

Also, on June 3, 2025, the United States District Court for the District of Columbia issued a decision denying a preliminary injunction in an APA case because the APA cannot reach a "larger programmatic challenge" alleging the "dismantling" of a program. *Mem. Op., Assoc. for Educ. Fin. v. Dept. of Educ.*, No. 25-cv-999-TNM (D. D.C. Jun. 3, 2025), Doc. 25, at 21 (attached as ECF 38-2). *See also id.* at 8 ("Plaintiffs pile aboard so many broad complaints that their claims sink underneath the sheer weight of the relief they seek."). The court's opinion analyzes why a wholesale challenge to agency decisions stemming from administrative priority changes is not cognizable under the APA. ECF 38-2 at 8–21, 24–26.

The court further determined that the Tucker Act "looms large here" and that "the Court would likely lack jurisdiction to hear any individual contract challenge . . . if it resembled a traditional contract claim." *Id*. at 23–24 This is of particular importance, as the DC plaintiffs were challenging the termination of contracts for regional educational laboratories as well. The court also rejected a separation of powers claim as a "doppelgänger[] of the Academy's APA claim." *Id*. at 25.

                                   Respectfully submitted,

                                   Kelly O. Hayes
                                   United States Attorney

                                         /s/
                                   Tianna Bethune
                                   Assistant United States Attorney
                                   36 S. Charles Street, Fourth Floor
                                   Baltimore. Maryland 21201
                                   410-209-4922
                                   Tianna.Bethune@usdoj.gov
                                   *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I certify that, on June 5, 2025, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

                                              /s/
                                         Tianna Bethune
                                         Assistant United States Attorney