

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3388

September 5, 2025

**Via CM/ECF**

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, VA 23219

  RE: *The Sustainability Institute v. Trump*, No. 25-1575
     (scheduled for oral argument October 23, 2025)

Dear Ms. Anowi:

  I write regarding the Supreme Court's ruling in *National Institutes of Health v. American Public Health Ass'n*, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025), and plaintiffs' related letter. In *APHA*—a case plaintiffs previously described as presenting jurisdictional arguments "substantially identical" to those raised here, Pls. Ltr. 1(July 22, 2025)—the district court vacated "the Government's termination of various research-related grants." *Id.* at *1. Reiterating its reasoning in *Department of Education v. California*, 145 S. Ct. 966 (2025), the Supreme Court stayed the judgment vacating the grant terminations.

  The Court explained that the Administrative Procedure Act "does not provide [district courts] with jurisdiction to adjudicate claims based on [federal] grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *APHA*, 2025 WL 2415669, at *1 (quotations omitted); *see also id.* at *1-2 (Barrett, J., concurring) (making clear that challenges to agency "decisions terminating existing" con-

tracts, including challenges brought "under the Administrative Procedure Act," likely "belong in the Court of Federal Claims"); *id.* at *4 (Gorsuch, J., joined by Kavanaugh, J., concurring in part and dissenting in part) (similar). That ruling reinforces that the district court erred in exercising jurisdiction over plaintiffs' APA challenges to the freezing and termination of grant funds and in entering relief requiring the government to continue paying money pursuant to those grants.

Nor are plaintiffs correct that a different part of the Supreme Court's order declining to stay the *APHA* district court's vacatur of an agency guidance document suggests that the district court properly "vacate[d] the high-level agency actions at issue here." Pls. Ltr. 1 (Aug. 29, 2025). The court here did not address any challenge to any "high-level" agency action distinct from grant-related actions; instead, the court addressed challenges regarding, and vacated, "the freeze and/or termination" of plaintiffs' grants. J.A. 8. That is precisely the sort of claim that *APHA* makes clear may not be brought in district court.

Sincerely,

*/s/ Sean R. Janda*
Sean R. Janda

cc:    All counsel (via CM/ECF)