No. 25-1575

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,
*Defendant-Appellants*,

v.

THE SUSTAINABILITY INSTITUTE, *et al.*,
*Plaintiff-Appellees*,

# APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' MOTION FOR POSTPONEMENT OF ORAL ARGUMENT

Kimberley Hunter
Irena Como
Nicholas S. Torrey
Carl T. Brzorad
Spencer Gall
SOUTHERN ENVIRONMENTAL LAW CENTER
*136 East Rosemary Street, Suite 500*
*Chapel Hill, NC 27514*
(919) 967-1450
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
cbrzorad@selc.org
sgall@selc.org

Graham Provost
Elaine Poon
Cassandra Crawford
Jonathan Miller
PUBLIC RIGHTS PROJECT
*490 43rd Street, Unit #115*
*Oakland, CA 94609*
(510) 738-6788
graham@publicrightsproject.org
elaine@publicrightsproject.org
cassandra@publicrightsproject.org
jon@publicrightsproject.org

Mark Ankcorn, Senior Chief Deputy City Attorney
*1200 Third Avenue, Suite 1100*
*San Diego, California 92101-4100*
(619) 533-5800
mankcorn@sandiego.gov

Plaintiff-Appellees oppose the government Defendant-Appellants' motion to postpone oral argument in this case. The Court placed this case on an expedited schedule on June 5, 2025. Doc. 39. The urgency to resolve the issues in this case has not abated and the government's motion should be denied for three reasons: First, postponing oral argument, and thus delaying resolution of this case, will serve to further irreparably harm Plaintiffs. Second, delayed resolution of this case is not in the public interest given the important legal issues at stake, which have consequences for communities around the country in need of the essential projects hamstrung by the government's actions here, as well as vast numbers of grantees, including plaintiffs in other cases pending before this Court. Third, an order from this Court would constitute express legal authorization for the Department of Justice to proceed with this case in regular order, thus obviating the need for further delay.

### 1. Postponement will continue to harm Plaintiffs.

Plaintiffs regret that the government attorneys are currently working without pay. The same is true for many of the Plaintiffs in this case who have been forced into untenable situations since the government began to freeze, unfreeze, and ultimately terminate entire federal grant programs and thus upend the projects Plaintiffs had committed to work on in their communities. As such, when Defendants approached Plaintiffs with a request to postpone oral argument,

2

Plaintiffs responded that they would be willing to consent to a postponement only if Defendants would consent to lift the stay on Judge Gergel's order that was issued in this case during the pendency of the appeal. Defendants declined this invitation.

Plaintiffs have set out in detail the many ways in which the loss of these grant programs has and continues to harm them. *E.g.*, City of Nashville Decl., J.A. 2028–2031 (City of Nashville unable to implement transit projects and deliver on the express wishes of voters who supported a city-wide Transit Referendum); Bronx River Alliance Decl., J.A. 672–674 (nonprofit forced to cover costs for water quality monitoring equipment and faces difficulty hiring and paying staff); Earth Island Decl., J.A. 858 (nonprofit unable to implement projects and pay partners); City of Madison Decl., J.A. 2011-2014 (City of Madison unable to continue workforce training programs and forced to pause energy-efficiency upgrades before completion).

These harms have only grown since these initial declarations, with Defendants attempting to close out and finalize the unlawful grant terminations while this appeal is pending. In the case of lead plaintiff Sustainability Institute, EPA has even conditioned reimbursement of properly incurred pre-termination costs on premature closeout (*i.e.*, consent to termination of the grant), in a further effort to interfere with vindication of Sustainability Institute's rights this ongoing

3

judicial proceeding. Sustainability Institute Supp. Decl., D.C. Dkt. No. 174-2 at ¶¶ 10, 11, 13, 14.

While Plaintiffs continue to suffer these harms, at no point during this litigation has a single judge found Defendants' behavior to be lawful. Indeed, Defendants have consented to judgment on several of Plaintiffs' claims. The only questions in this appeal revolve around jurisdiction. Plaintiffs, who have diligently prosecuted this case from the outset, including complying with the expedited schedule set by the Court in this appeal, should be afforded the opportunity to obtain the relief they are entitled to as swiftly as possible.

## 2. Postponement is not in the public interest.

As set out in Plaintiffs' petition for *en banc* review, this case poses serious constitutional questions with significant real-world implications for reviewing "the legality of nationwide executive or agency action." *Mayor & City Council of Baltimore v. Azar*, 799 F. App'x 193, 195 (4th Cir. 2020) (Thacker, J.) (concurring in grant of initial hearing *en banc*). Resolution of this case will have implications for affected communities around the country, but also for other challenges to the Administration's widespread cancellation of federal grant programs—including challenges before this Court.

Currently, oral argument in this case is set to be heard alongside *Solutions in Hometown Connections v. Noem,* a case that raises many of the same issues—

4

related to federal court jurisdiction to adjudicate grant cases—present in this case. No. 25-1640 (4th Cir.). Another case, *American Association of Colleges for Teacher Education v. McMahon,* was this week placed in abeyance pending resolution of this case and *Solutions in Hometown Connections*. No. 25-1281, Doc. 50 (4th Cir. Oct. 8, 2025) (order placing case in abeyance). Any delay in this case will therefore delay the resolution of foundational questions at issue in these cases and others.

Because of the importance of full resolution of these issues by this Court, one alternative would be for the Court to grant Plaintiffs' request to hear this case *en banc* in the first instance. *See* Appellees' Petition for Rehearing En Banc of Order Granting Stay and Initial Hearing En Banc of Appeal, Doc. 41 (June 10, 2025). This would have the dual benefit of providing the government with the postponement of the October 23 oral argument it has requested, while also ensuring prompt resolution of these issues by the full Court, without the delay that could result from a rehearing petition later. If, however, the Court determines that this case should be heard in the first instance by a panel of judges, Plaintiffs urge that there be no further delay in doing so.

    **3.    An order from this Court would authorize the Department of Justice to proceed.**

In their motion asking to postpone oral argument, Appellants' only basis for delay is that "Department of Justice attorneys are prohibited from working, even

5

on a voluntary basis, except in very limited circumstances . . . ." Doc. 87. But this prohibition on work does not apply where the work is "authorized by law." 31 U.S.C. § 1342. The Department of Justice's own contingency plan makes clear that this extends to aspects of civil litigation where the Court denies a request to postpone litigation, stating:

> If a court denies such a request [to postpone litigation] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.
>
> U.S. Department of Justice FY 2026 Contingency Plan at 3 (Sept. 29, 2025),

https://www.justice.gov/jmd/media/1377216/dl. As such, if the Court denies Defendants' motion and orders that oral argument continue as planned, Defendants will be permitted to work and there will be no justification for further delay.

## **CONCLUSION**

For all these reasons, Plaintiffs respectfully request that the government's motion be denied, or in the alternative that this case be scheduled for an *en banc* hearing in the first instance.

                              Respectfully submitted,

                              */s/ Kimberley Hunter*
                              Kimberley Hunter
                              Irena Como
                              Nicholas S. Torrey
                              Carl T. Brzorad
                              Spencer Gall
                              SOUTHERN ENVIRONMENTAL LAW
                              CENTER

136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
cbrzorad@selc.org
sgall@selc.org

*Counsel for Appellees The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

Graham Provost
Elaine Poon
Cassandra Crawford
Jonathan Miller
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut*

Mark Ankcorn, Senior Chief Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the response contains 1,098 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word for Microsoft 365 in proportionally spaced 14-pt Times New Roman typeface.

*/s/ Kimberley Hunter*
Kimberley Hunter

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Kimberley Hunter*
Kimberley Hunter