**SOUTHERN
ENVIRONMENTAL
LAW
CENTER**

136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514

Telephone 919-967-1450
Facsimile 919-929-9421

December 18, 2025

**Via ECF**

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**RE:**   *The Sustainability Institute, et al. v. Donald J. Trump, et al.*, No. 25-1575 (oral argument held October 23, 2025); Rule 28(j) Supplemental Authority

Dear Ms. Anowi:

Plaintiffs-Appellees ("Plaintiffs") respectfully notify the Court of the en banc orders issued yesterday in *National Treasury Employees Union v. Vought*, No. 25-5091 (D.C. Cir.) (attached as Exhibit 1), and *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (D.C. Cir.) (attached as Exhibit 2).

In this case, the government overreads *Dalton v. Specter*, 511 U.S. 462 (1994), to preclude non-statutory review of constitutional claims alleging violations of the separation of powers. Opening Br. 37–38; *but see* Resp. Br. 14–15, 29–32. After briefing concluded, divided panels of the D.C. Circuit embraced the government's view of *Dalton* in *National Treasury Employees Union v. Vought*, 149 F.4th 762, 792–93 (D.C. Cir. 2025), and *Climate United Fund v. Citibank, N.A.*, 154 F.4th 809, 826–27 (D.C. Cir. 2025). The panel opinions in *National Treasury Employees Union* and *Climate United Fund* were referenced at oral argument during a discussion of Plaintiffs' constitutional claims. *See* Hr'g Tr. at 13:14–14:2 (attached as Exhibit 3).

Yesterday, the D.C. Circuit granted rehearing en banc in both cases and vacated the judgments. *See* Ex. 1 at 1 (*National Treasury Employees Union*); Ex. 2 at 1 (*Climate United Fund*).[1] At oral argument in this case, the government suggested this Court follow the D.C. Circuit's approach to *Dalton*. Ex. 3, Hr'g Tr. at 27:22–24. But the en banc orders issued yesterday indicate the D.C. Circuit's view is far from settled in the government's favor. More importantly, the government's overreading of *Dalton* is wrong on the merits and this Court should reject it. *See* Resp. Br. 14–15, 29–32.

---

[1] The D.C. Circuit previously denied rehearing en banc in a third case involving *Dalton*, among other issues. *See* Order, *Global Health Council v. Trump*, No. 25-5097 (D.C. Cir. Aug. 28, 2025) (attached as Exhibit 4); *but see id.* at 8 (Garcia, J., respecting denial of rehearing en banc) (whether plaintiffs may bring constitutional challenges when the Executive Branch refuses to spend appropriated funds is "not only an important question but also a complex one" that "in a future case may warrant the Court's en banc review").

Respectfully submitted,

/s/ *Kimberley Hunter*

Kimberley Hunter
Irena Como
Nicholas S. Torrey
Carl T. Brzorad
Spencer Gall
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
cbrzorad@selc.org
sgall@selc.org

*Counsel for Plaintiff-Appellees The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International – USA*

Graham Provost
Elaine Poon
Jonathan Miller
Cassandra Crawford
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org
elaine@publicrightsproject.org
jon@publicrightsproject.org
cassandra@publicrightsproject.org

*Counsel for Plaintiff-Appellees Baltimore, Maryland; Columbus, Ohio; Madison, Wisconsin; Nashville, Tennessee; and New Haven, Connecticut*

2

Mark Ankcorn, Senior Chief Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff-Appellee City of San Diego*

cc: all parties (via CM/ECF)

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the word limit of Federal Rule of Appellate

Procedure 28(j) because it contains 348 words.


/s/ *Kimberley Hunter*

Kimberley Hunter
Southern Environmental Law Center

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2025, a copy of the foregoing document was filed using the Court's CM/ECF system. Counsel for all parties are registered CM/ECF users and will be served electronically.

/s/ *Kimberley Hunter*

Kimberley Hunter
Southern Environmental Law Center