No. 25-1575

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

THE SUSTAINABILITY INSTITUTE, et al.,
*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,
*Defendants-Appellants*,

**APPELLEES' UNOPPOSED MOTION FOR
IMMEDIATE ISSUANCE OF THE MANDATE**

Appellees respectfully request that the Court immediately issue its mandate under Federal Rule of Appellate Procedure 41(b). Appellants consent to this motion.

1. On January 21, 2026, the Court issued an opinion (ECF No. 94) and judgment order (ECF No. 95) vacating the permanent and preliminary injunctions entered below and remanding for further proceedings.

2. Rule 41(b) sets a default timeline for issuance of the mandate that is pegged to the time for seeking rehearing or certiorari, but the rule empowers the Court to "shorten or extend the time by order." Fed. R. App. P. 41(b). There is no standard prescribed in Rule 41 or this Court's precedent governing the decision to

shorten the time for issuance of the mandate, and this Court routinely grants unopposed motions to issue the mandate immediately. *See, e.g.*, *United States v. Williams*, No. 17-6116, 2017 WL 11820790, at *1 (4th Cir. Sept. 8, 2017).

    3.    The purpose of Rule 41(b)'s default timeline is to provide parties with a reasonable opportunity to seek discretionary review of intermediate appellate judgments. *See Wright & Miller's Federal Practice & Procedure* § 3987 (5th ed. 2025) (default timeline "gives counsel just enough time to prepare and file a motion for a stay of the mandate pending certiorari"). As a result, courts sometimes issue the mandate immediately when a petition for further review would be futile or the interest of justice requires prompt action. *See, e.g.*, *Johnson v. Bechtel Assocs. Pro. Corp., D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (court may immediately issue mandate when satisfied that petitions for rehearing or certiorari would be unavailing); *McGhee v. Granville Cnty., N.C.*, 860 F.2d 110, 121 (4th Cir. 1988) (issuing mandate immediately to minimize disruption to upcoming election).

    4.    The Court should "shorten . . . the time by order," Fed. R. App. P. 41(b), and issue its mandate immediately because the default timeline serves no purpose here.[1] Appellees do not intend to petition for rehearing or certiorari and

---

[1] By default, the mandate will not be issued for approximately seven weeks due to the interplay of three timing rules. *First*, Rule 41(b) dictates the mandate presumptively must issue seven days after the time to seek rehearing expires or the date the Court denies a timely petition for rehearing or motion for stay of mandate, whichever is later. *See* Fed. R. App. P. 41(b). *Second*, Rule 40(d)(1) provides that

2

wish to proceed with remand expeditiously. Appellants consent to this motion and will not be prejudiced. Under these circumstances, there is no reason to delay issuance of the mandate.

## CONCLUSION

Appellees respectfully request that the Court grant this motion and issue the mandate immediately.

DATED: January 27, 2026                    Respectfully submitted,

>                    Kimberley Hunter
>                    Irena Como
>                    Nicholas S. Torrey
>                    Carl T. Brzorad
>                    Spencer Gall
>                    SOUTHERN ENVIRONMENTAL LAW CENTER
>                    136 East Rosemary Street, Suite 500
>                    Chapel Hill, NC 27514
>                    Telephone: (919) 967-1450
>                    Facsimile: (919) 929-9421
>                    kmeyer@selc.org
>                    icomo@selc.org
>                    ntorrey@selc.org
>                    cbrzorad@selc.org
>                    sgall@selc.org
>
>                    *Counsel for Plaintiff-Appellees The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the*

---

in civil cases like this one, in which federal agencies are parties, the default deadline to petition for rehearing is 45 days after entry of judgment. *See* Fed. R. App. P. 40(d)(1). *Finally,* when the time for filing expires on a weekend or legal holiday, Rule 26(a)(1)(C) extends the deadline until the next business day. *See* Fed. R. App. P. 26(a)(1)(C). Taken together, these default timing rules make March 16, 2026, the earliest date the mandate could issue unless the Court orders otherwise.

3

*Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International – USA*

Graham Provost
Elaine Poon
Jonathan Miller
Cassandra Crawford
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org
elaine@publicrightsproject.org
jon@publicrightsproject.org
cassandra@publicrightsproject.org

*Counsel for Plaintiff-Appellees Baltimore, Maryland; Columbus, Ohio; Madison, Wisconsin; Nashville, Tennessee; and New Haven, Connecticut*

Julie Rau, Lead Deputy City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
jrau@sandiego.gov

*Counsel for Plaintiff-Appellee City of San Diego*

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 524 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word for Microsoft 365 in proportionally spaced 14-point Times New Roman typeface.

/s/ *Spencer Gall*
Spencer Gall
Southern Environmental Law Center

## CERTIFICATE OF SERVICE

I certify that on January 27, 2026, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system

       /s/ *Spencer Gall*
       Spencer Gall
       Southern Environmental Law Center